UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GEORGE HAMMER,<br><br>               Petitioner,<br>v.<br><br>ROBERT AYRES, Warden, et. al.,<br><br>               Respondent. | Civil No. 06cv1081 JAH (POR)<br><br>**ORDER DEEMING PETITIONER'S NOTICE OF APPEAL TIMELY AND DENYING CERTIFICATE OF APPEALABILITY [Doc. Nos. 43, 45]** |

Pending before the Court is Petitioner's motion to deem his notice of appeal and certificate of appealability timely, and Petitioner's motion for a certificate of appealability.

**I. Motion to Deem Notice of Appeal Timely**

Petitioner seeks an order of the Court deeming his notice of appeal and certificate of appealability filed on January 28, 2010, timely filed. He appeals this Court's order, filed February 26, 2009[1], denying his petition for writ of habeas corpus. An inmate's notice of appeal is timely "if deposited in the institution internal mail system on or before the last day for filing" and this may be shown by a declaration that sets forth the date of deposit with the internal mail system and states first-class postage was paid Fed.R.Civ.P. 4(c). A notice of appeal must be filed with the district court "within 30 days after the judgment or order appealed from is entered." Fed.R.Civ.P. 4(a).

Upon Petitioner's first motion seeking this relief, the Court found Petitioner failed to clearly state he deposited the notice of appeal into the institution's mail system and did

---

[1] Judgment was entered on February 26, 2009.

not state first-class postage was prepaid. Petitioner addresses these deficiencies in his current motion by providing evidence that he submitted his notice of appeal to the mail system on March 8, 2009 and first class postage was paid through a trust account withdrawal. See Decl. ¶¶ 2, 4; Petitioner's Exhibits. Accordingly, the motion is GRANTED and his notice of appeal and certificate of appealability filed on January 28, 2010 are timely.

## II. Motion for Certificate of Appealability

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, the petition must show (1) the issues are debatable among jurists of reason; or (2) a court could resolve the issues in a different manner; or (3) the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024 -25 (9th Cir. 2000)(citing Slack v. McDaniel, 529 U.S. 473 (2000) and Barefoot v. Estelle, 463 U.S. 880 (1983)).

Here, Petitioner presents the three issues he raised in his habeas corpus petition and two additional issues (1) this Court failed to consider facts when resolving the claims and (2) the decision was contrary to Ninth Circuit authority "which dealt with the same causative conditions subject upon Petitioner, with overwhelming prejudice, though the District Court based its decision on facts which were neither in evidence or material thereof." Pla's Statement of Issues on Appeal at 2.

Petitioner's first claim in his petition asserted the trial court erred in admitting handwritten statements into evidence. This Court found the written statements were admissible under California Evidence Code section 1360 and therefore, their admission at trial did not deny the petitioner due process. See Doc. No. 39 at 6. Petitioner presents no argument or discussion that the finding was in error or debatable among jurists of reason or could be resolved in a different manner.

In his second claim, Petitioner argued his prison term of 105 years to life is grossly disproportionate to the offense and violates the Eighth Amendment prohibition against

1  cruel and unusual punishment.  This Court adopted the magistrate judge's findings that
2  Petitioner's prison term did not violate the Eighth Amendment.  Specifically, the court
3  found the state court's judgment, that the sentence of 105 years to life was appropriate,
4  was not contrary to nor an unreasonable application of clearly established federal law in
5  light of Petitioner's recidivism and the serious nature of his crimes, and the California
6  Court of Appeal's decision as to whether the trial court abused its discretion in sentencing
7  Petitioner under California's Three Strikes law was based upon state law and not subject
8  to federal habeas review.  Petitioner does not specifically address this issue and fails to
9  meet his threshold showing for a certificate of appealability.

10  Petitioner's final claim asserted ineffective assistance of counsel.  Under <u>Strickland
11  v. Washington</u>, 466 U.S. 668 (1984), a petitioner must prove (1) his counsel's
12  performance fell "outside the wide range of professional competence" and was, in fact
13  deficient, and (2) the deficient performance prejudiced his defense.  <u>Id.</u> at 687.  This
14  Court adopted the magistrate judge's determination that counsel's failure to utilize mental
15  health evaluations, which did not include a diagnosis of mental illness, did not fall below
16  the objective standard of reasonableness when the evidence failed to support a defense of
17  mental illness and the magistrate judge's finding that the decision not to present a mental
18  illness defense did not prejudice Petitioner.  Petitioner does not provide any additional
19  evidence in his request for a certificate of appealability that would support a contrary
20  conclusion.

21  With regard to Petitioner's additional issues for appeal, the Court finds Petitioner
22  fails to present the facts the Court failed to consider in its order denying his petition,
23  much less demonstrates a denial of a constitution right resulting from the Court's failure
24  to consider the facts.  Furthermore, Petitioner fails to show how the decision and judgment
25  was contrary to Ninth Circuit authority.

26  For the reasons listed above, this Court finds that petitioner has failed to show the
27  court's ruling is debatable among jurists of reason, that the court could have resolved the
28  issue in a different manner, or that the questions raised are adequate to deserve

1 encouragement to proceed further.  Accordingly, Petitioner's request for a certificate of appealability is DENIED.

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner's motion to deem his notice of appeal and certificate of appealability timely is **GRANTED**;
2. Petitioner's motion for a certificate of appealability is **DENIED**.

DATED:  February 23, 2010

JOHN A. HOUSTON
United States District Judge